# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1915V
### Filed: August 23, 2021
UNPUBLISHED

|  |  |
|---|---|
| ANGELA APUZZO,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA.*
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 1, 2021, petitioner moved for an award of interim attorneys' fees and costs.  (ECF No. 98.)  On June 15, 2021, respondent filed a response deferring to the special master regarding the amount and appropriateness of an award of interim fees and costs.  (ECF No. 101.)  No reply was filed.  Petitioner requests a total of $125,359.46, including $63,529.50 in attorneys' fees, $61,769.16 in attorneys' costs, and $60.80 incurred by petitioner herself.  For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the full amount requested.

## I.      Procedural History

Petitioner filed her petition on December 8, 2017, alleging that she suffered chronic inflammatory demyelinating polyneuropathy ("CIDP") caused by her September 17, 2015 influenza ("flu") vaccination. (ECF No. 1.)  Initially the parties explored settlement. (ECF No. 33.)  However, after updated medical records were filed that

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

called petitioner's diagnosis into question respondent determined that he would defend the case and filed his Rule 4 Report on February 19, 2019. (ECF No. 43, 50.)

Petitioner initially filed a report by neurologist Nizar Souayah, M.D., to support her claim. (ECF No. 58.)  The case was subsequently reassigned to me on August 29, 2019, and respondent filed responsive expert reports by Drs. Callaghan and Lightfoot (a neurologist and rheumatologist respectively) on February 6, 2020. (ECF Nos. 69, 74-75.)  Petitioner then filed a supplemental report by Dr. Souayah and a report by a rheumatologist, Samar Gupta, M.D., FACR. (ECF No. 84.)  A Rule 5 status conference was held November 23, 2020. (ECF No. 91.)  Following the Rule 5 status conference, petitioner filed further expert reports from Dr. Gupta and Dr. Souayah. (ECF No. 95.)  Thereafter, petitioner filed the instant motion.

## II.    An Award of Interim Fees and Costs is Reasonable

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  42 U.S.C. § 300aa–15(e)(1)(A)–(B).  Petitioners are eligible for an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375; *see also Chinea v. Sec'y of Health & Human Servs.*, No. 15-95V, 2019 WL 3206829 at *2 (Fed. Cl. Spec. Mstr. June 11, 2019) (citing *Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017)) (observing three factors that have been considered when exercising discretion to award interim attorney's fees: (1) whether the fee request exceeds $30,000, (2) whether the expert costs exceed $15,000, and (3) whether the case has been pending for over 18 months.)

In light of the above, I exercise my discretion to allow an award of interim fees and costs.  This petition was filed approximately three and a half years ago.  In that time, petitioner has incurred significant costs relative to securing medical records life care planning, and expert support for her claim.  The amounts sought for fees and costs exceed the $30,000.00 and $15,000.00 figures cited in *Chinea*.  Moreover, respondent has not objected, but instead deferred to my discretion as to whether the standard for an interim award of fees and costs is met in this case.

### III.    Amount of Reasonable Fees and Costs

The determination of the amount of reasonable attorneys' fees is within the special master's discretion.  *See, e.g. Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).  However, petitioner "bears the burden of establishing the hours expended" and the reasonableness of the requested fee award.  *Id.* at 484. Notwithstanding that respondent has not raised any specific objections to petitioner's fee application, "the Special Master has an independent responsibility to satisfy himself that the fee award is appropriate and [is] not limited to endorsing or rejecting respondent's critique."  *Duncan v. Sec'y of Health & Human Servs.*, No. 99-455V, 2008 WL 4743493 (Fed. Cl. 2008); *see also McIntosh v. Sec'y of Health & Human Servs.*, 139 Fed Cl. 238, 250 (2018) (finding that the special master "abused his discretion by failing to independently review the petitioner's counsel's motion for attorneys' fees and reimbursement of case costs to determine if the requested fees and costs were reasonable.").  Furthermore, "the Special Master [has] no additional obligation to warn petitioners that he might go beyond the particularized list of respondent's challenges."  *Duncan,* 2008 WL 4743493.

Special Masters use the lodestar approach to determine what constitutes reasonable attorneys' fees under the Vaccine Act.  *Avera,* 515 F.3d at 1347.  The lodestar approach involves first determining "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347–48 *(*quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Once a court makes that initial calculation, it may then make an upward or downward departure to the fee award based on other specific findings.  *Id*.  For attorneys receiving forum rates, the decision in *McCulloch v. Secretary of Health & Human Services* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The Office of Special Masters has since updated the *McCulloch* rates to adjust for inflation and the Attorneys' Forum Hourly Rate Fee Schedules for successive years can be accessed online.[2]

I have reviewed the billing records submitted by petitioner's counsel.  All of the rates requested are reasonable and consistent with what has been awarded in prior cases.  *See, e.g. Como v. Sec'y of Health & Human Servs.*, No. 18-99V, 2021 WL 3370255, at *3 (Fed. Cl. Spec. Mstr. July 6, 2021) (noting the Homer firm has

---

[2] Each of the Fee Schedules for 2015 through 2021 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

repeatedly requested and been awarded rates consistent with the Office of Special Masters fee schedules).  Additionally, upon my review, the hours billed in this case appear to be reasonable.

Attorneys' costs are subject to the same reasonableness requirements as attorneys' fees.  *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375.  The majority of the costs incurred in this case are for the reports filed in this case by petitioner's two experts.  Neurologist Nizar Souayah, M.D., who submitted three reports in this case, billed 86.5 hours at a rate of $500 per hour. (ECF No. 98, p. 75.)  Rheumatologist Samar Gupta, M.D., FACR, who submitted two expert reports in this case, billed 18.5 hours at the same rate. (*Id.* at 68, 71.)  I have reviewed their invoices and determined that the hours billed are reasonable.  The same hourly rates have previously been awarded for work performed by these experts. *Dilsaver v. Sec'y of Health & Human Servs.*, No. 16-716V, 2020 WL 1027954 (Fed. Cl. Spec. Mstr. Feb. 18, 2020); *Discher v. Sec'y of Health & Human Servs.*, No. 18-777V, 2020 WL 4049312 (Fed. Cl. Spec. Mstr. June 15, 2020); *Gowans v. Sec'y of Health & Human Servs.*, No. 14-440V, 2017 WL 1842824 (Fed. Cl. Spec. Mstr. April 12, 2017); *Warkoczewski v. Sec'y of Health & Human Servs.*, No. 17-284V, 2018 WL 7286514 (Fed. Cl. Spec. Mstr. Dec. 17, 2018); *Swaiss v. Sec'y of Health & Human Servs.*, No. 15-286V, 2019 WL 354703 (Fed. Cl. Spec. Mstr. Jan. 3, 2019); *Owens v. Sec'y of Health & Human Servs.*, No. 16-832v, 2020 WL 8509737 (Fed. Cl. Spec. Mstr. Dec. 22, 2020).  I have also reviewed the remainder of the costs incurred in this case, which include the cost of securing medical records and medical literature, as well as time and travel related to a site visit conducted for purposes of lifecare planning.  All of these expenses were reasonably incurred.

## IV.    Conclusion

In light of the above, petitioner's application for interim attorneys' fees and costs is **GRANTED** and petitioner is awarded $125,359.46 as follows:

- **a lump sum in the amount of $125,298.66, representing reimbursement for interim attorneys' fees and costs, in the form of a check made payable to petitioner and her counsel, Ronald Craig Homer, Esq.; and**

- **a lump sum in the amount of $60.80 in the form of a check made payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master