# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1915V
### Filed: May 7, 2026

|  |  |
|---|---|
| ANGELA APUZZO,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 8, 2017, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012),[2] alleging that she suffered chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of an influenza ("flu") vaccine administered on September 17, 2015.  (ECF No. 1.) On September 20, 2024, a decision was issued finding that petitioner is not entitled to compensation.  (ECF No. 158.)  Following an unsuccessful motion for review (ECF No. 172), judgment entered dismissing the petition on March 19, 2025 (ECF No. 173).

This decision now addresses petitioner's motion for an award of final attorneys' fees and costs, filed on June 4, 2025.  (ECF No. 176.)  Petitioner seeks an award

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

1

totaling $128,266.81, including $116,471.10 in attorneys' fees and $11,795.71 in attorneys' costs.  (ECF No. 176, pp. 1-2.)  Petitioner was previously awarded $125,359.46 in interim attorneys' fees and costs in August of 2021.  (ECF. Nos. 103, 105.)  The instant motion addresses work performed during a period when expert reports were being exchanged, updated medical records were collected, and the parties were briefing a motion for a ruling on the written record as well as the subsequent motion for review.  (*See* ECF No. 176, pp. 5-31.)  In his response to the instant motion, respondent agreed that the statutory requirements for an award of attorneys' fees and costs have been met,[3] and deferred to the court with respect to what would constitute a reasonable amount for such an award.  (ECF No. 177.)

In determining the appropriate amount to be awarded, the Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id*. at 1348.  It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

Based on the undersigned's review of the billing records accompanying petitioner's motion, all of the hourly rates requested are reasonable and consistent with what has previously been accepted.  *See, e.g.*, *Brown v. Sec'y of Health & Human Servs.*, No. 22-80V, 2026 WL 1005041, at *2 (Fed. Cl. Spec. Mstr. Mar. 17, 2026); *Greenberg v. Sec'y of Health & Human Servs.*, No. 20-1493V, 2026 WL 926153, at *2 (Fed. Cl. Spec. Mstr. Mar. 6, 2026); *Jackman v. Sec'y of Health & Human Servs.*, No. 21-685V, 2025 WL 2659100, at *1 (Fed. Cl. Spec. Mstr. Aug. 13, 2025).  Additionally, based on my review of the billing records, I find the hours billed to be reasonable overall in light of the medical complexity and procedural history of the case.[4]  Moreover,

---

[3] Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa-15(e)(1)(A)-(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

[4] Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  In reviewing fee applications, special masters need not engage in a line-by-line analysis.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).  Instead, they

respondent has not raised any objection to the hours billed "with particularity."  Vaccine Rule 13(a)(3).

Attorneys' costs are subject to the same reasonableness requirements as attorneys' fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  Most of the requested costs are expert expenses, specifically $9,250 for 19.5 hours of work by Dr. Gupta billed at $500 per hour,[5] and $1,250 for 2.5 hours of work performed by Dr. Souayah billed at $500 per hour.  (ECF No. 176, pp. 31, 40, 55.)  These costs are reasonable for the same reasons discussed in the decision awarding interim attorneys' fees and costs.  *Apuzzo v. Sec'y of Health & Human Servs.*, No. 17-1915V, 2021 WL 4305223, at *3 (Fed. Cl. Spec. Mstr. Aug. 23, 2021).  The remaining costs are also reasonable and sufficiently documented.

In light of the above, petitioner's motion (ECF No.176) is **GRANTED** and petitioner is awarded a lump sum of $128,266.81, representing reimbursement of attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel of record, Ronald Craig Homer's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

may rely on their experience with the program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

[5] This appears to reflect a miscalculation.  At $500 per hour, the 19.5 hours listed on Dr. Gupta's invoice should total $9,750.  However, both Dr. Gupta's and counsel's invoices clearly reflect that he billed counsel $9,250.  (ECF No. 176, pp. 31, 40.)  Accordingly, that is the amount that will be reimbursed.

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).